### No. 464
### CONTINENTAL SUGAR CO v. HULSE & ALLEN

Ohio Appeals, Sixth Dist., Lucas County
No. 1311. Decided May 21, 1923

EVIDENCE—(1) Oral testimony as to written instrument where instrument has been lost—(2) Error in admitting circular letter—(3) Right to special instructions—(4) Error in refusal to give proper written instructions.

CHITTENDEN, J.
#### Epitomized Opinion

This was an action on an account against the Continental Sugar Co. The account contained five items under date of November 22, and No. 23, 1920, for official stenographer's transcript of proceedings before the Federal Trade Commissions, said proceedings being Federal Trade Commission v. Amalgamated Sugar Co. The five items covered an aggregate of about 11,000 or 12,000 pages of transcript introduced in evidence in a proceeding before the Federal Trade Commission. The defendant filed a general denial and also pleaded a second defense in which it claimed that it offered to purchase from the plaintiff the opinion and decision of the Federal Trade Commission, but not a transcript of the testimony. The evidence consisted of various correspondence. This evidence disclosed that the defendant agreed to purchase one copy of the official report of the proceeding, docket 303. The trial resulted for the plaintiffs, whereupon defendant prosecuted error. Held:

1. As the defendant was unable to produce a certain original letter on the the trial, and the plaintiffs testified that they had no copy of the letter, the court did not commit error in permitting the plaintiffs to testify orally as to the contests of such letter.

2. The court committed error in permitting the introduction of a certain circular letter which was sent out long after the order placed by the defendant.

3. When the evidence is concluded either parties may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced.

4. The error in refusing to give proper written instructions before argument on request is not cured by giving such instructions substantially in the general charge. As the evidence clearly disclosed that defendant purchased a copy of the official report of the Interstate Commerce Commission and not a transcript, the judgment of the lower court was manifestly against the weight of the evidence.

Judgment reversed.

Attorneys—Marshall & Fraser, for Continental Sugar Co.; Denman, Kirkbride, Wilson & McCabe, for Hulse and Allen.

### No. 465
### FRUIT DISPATCH CO. v. PAYNE, as Agent, Etc

Ohio Appeals, Second Dist., Franklin County
No. 1035. Decided May 11, 1923

CARRIERS—(1) Delay in delivery of shipment no due to carrier's fault where outside circumstance intervened.

ALLREAD, J.
#### Epitomized Opinion

This was an action brought in the Common Plea Court of Franklin county for damages to thre carloads of bananas shipped from Baltimore t Columbus, Ohio, caused by delay in transporta tion. The petition alleged that there was an agree ment for a three-day delivery. The only evidenc explaining the delay was that the railroads wer under government control at the time and tha the railroad's situation was congested. Some evi dence was also introduced showing that the car were overheated, due to improper loading. The tria resulted in a verdict for defendant. Error was the prosecuted by plaintiff to the Court of Appeals. I sustaining the lower court, this court held:

1. It could not be said as a matter of law tha the verdict was manifestly against the weight o evidence in view of all the circumstances.

Attorneys—O. E. Davis, for Fruit Dispatch Co. Booth, Keating, Pomerene & Boulger, for Payne as agent.